UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN JOSEPH SMITH,

                           Plaintiff,

    v.

ALEXIS T. WALLACE,

                           Defendant.

No. C10-5763 RBL/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for the appointment of counsel. ECF No. 7. Having carefully reviewed Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

ORDER DENYING MOTION FOR COUNSEL - 1

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff maintains that he should be appointed counsel because he is currently being treated for Hepatitis C with drugs that may have side effects.  ECF No. 7, pp. 1-2.  Plaintiff lists 40 of these "common effects" that may occur from taking these drugs.  *Id.*  Plaintiff argues that he should be appointed counsel "if he has loss or decrease of vision, that could last from one hour to 90 days or more, and to compound that with any of the other 40 conditions is exceptional circumstances."  *Id.*, p. 3.  Plaintiff does not, however, indicate whether he suffers from any of the listed side effects and indeed, if he does, how these side effects have hampered his ability to pursue this lawsuit.  The possibility that Plaintiff may suffer from one of these side effects in the future does not present an extraordinary circumstance entitling him to counsel.

ORDER DENYING MOTION FOR COUNSEL - 2

Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. In his complaint, Plaintiff claims that he was falsely prosecuted. This is not a complex issue. Moreover, Plaintiff has also not shown a likelihood of success on the merits. In fact, he has been ordered to show cause why his complaint should not be dismissed for failure to properly plead a cause of action. *See,* ECF No. 5.

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 7) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this <u>17th</u> day of November, 2010.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3