UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN JOSEPH SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>ALEXIS T. WALLACE,<br><br>            Defendant. | No. C10-5763 RBL/KLS<br><br>ORDER TO SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff was granted leave to proceed *in forma pauperis.* ECF No. 3. On October 25, 2010, the court ordered Plaintiff to amend his original complaint or to show cause why it should not be dismissed. ECF No. 5. In particular, the court noted that Plaintiff purported to bring an action for malicious prosecution, but failed to allege that the criminal charges at issue had been dismissed. ECF No. 5, p. 3. On November 8, 2010, Plaintiff filed a proposed First Amended Complaint. ECF No. 6. On November 9, 2010, Plaintiff filed a second proposed First Amended Complaint. ECF No. 8. He also sent a letter to the clerk asking that the exhibits from his first complaint be used with his First Amended Complaint because they are his only copies. ECF No. 9.

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

Plaintiff must advise the court as to which complaint he wishes to pursue in this action. Plaintiff may proceed with only one complaint under this cause number. In addition, Plaintiff is advised that his amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to another document is not an acceptable amendment. Plaintiff must include all of his factual allegations, legal claims, and requests for relief in his amended complaint before the court will order service.

The court also notes that the exhibits attached to Plaintiff's original complaint indicate that Mr. Smith was tried by a jury and found guilty, and that he filed a motion for relief from the judgment based, in part, on language contained in the "Certification for Determination of Probable Cause" filed by Alexis T. Wallace on March 10, 2008. Thus, it does not appear that the charge or charges of which Plaintiff complains were dismissed. As Plaintiff was previously advised, an action for malicious prosecution may not be maintained unless the plaintiff alleges

ORDER TO AMEND OR SHOW CAUSE- 2

and proves that: (1) the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) there was want of probable cause for the institution or continuation of the prosecution; (3) the proceedings were instituted or continued through malice; (4) *the proceedings terminated on the merits in favor of the plaintiff, or were abandoned;* and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983) (emphasis added).

Accordingly, it is **ORDERED:**

(1) Plaintiff shall file a response with the court on or before **December 3, 2010.** Plaintiff shall indicate which version of his proposed amended complaint the court should review. He shall also indicate whether the prosecution of which he complains was terminated on the merits in his favor or were abandoned. If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that the Amended Complaint be dismissed as frivolous.

(2) The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this 17th day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 3