UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN JOSEPH SMITH,<br><br>        Plaintiff,<br><br> v.<br><br>ALEXIS T. WALLACE,<br><br>        Defendant. | No. C10-5763 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  December 24, 2010** |

   This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Based on a review of Plaintiff's complaint and proposed amended complaints, the undersigned recommends that the action be dismissed without prejudice prior to service because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

**BACKGROUND**

   On October 19, 2010, Plaintiff was granted leave to proceed *in forma pauperis* and his civil rights complaint was docketed. ECF Nos. 3 and 4. Upon review, the court found the complaint to be deficient and directed Plaintiff to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under 42 U.S.C. § 1983. ECF No. 5. In particular, the court noted that Plaintiff purported to bring an action against a Kitsap

REPORT AND RECOMMENDATION - 1

County prosecutor for malicious prosecution, but failed to allege that the criminal charges at issue had been dismissed. ECF No. 5, p. 3.

On November 8, 2010, Plaintiff filed a "Proposed First Amended Complaint" with supporting Memorandum, in which he alleges that the prosecutor in his state court case filed a false certification of probable cause. ECF No. 6. On November 9, 2010, Plaintiff filed a "Second Proposed First Amended Complaint" with supporting Memorandum. ECF No. 8. In this latter complaint, Plaintiff makes the same allegations, but the allegations are contained on the court's form for Section 1983 complaints. Plaintiff also sent a letter to the clerk asking that the exhibits from his first complaint be used with this First Amended Complaint. ECF No. 9. He withdrew that request in his response to the court's Order to Show Cause. ECF No. 13.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim

REPORT AND RECOMMENDATION - 2

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. Neither can a court supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions

REPORT AND RECOMMENDATION - 3

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In his original complaint, Plaintiff sought $300,000.00 from Alexis T. Wallace, a Kitsap county prosecutor, alleging that Ms. Wallace maliciously prosecuted him and made false statements in a Probable Cause Affidavit in bringing criminal charges against him. ECF No. 4. The exhibits attached to Plaintiff's original complaint indicate that Plaintiff was tried by a jury and found guilty, and that he filed a motion for relief from the judgment based, in part, on language contained in the "Certification for Determination of Probable Cause" filed by Alexis T. Wallace on March 10, 2008. *See* ECF No. 1-2, p. 11. However, there is nothing in the record to indicate that the charge or charges of which Plaintiff complains were dismissed, concluded in his favor or abandoned. The court previously advised Plaintiff that he could not maintain an action for malicious prosecution unless he alleges and proves that: (1) the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) there was want of probable cause for the institution or continuation of the prosecution; (3) the proceedings were instituted or continued through malice; (4) the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution. *Bender v. City of Seattle*, 99 Wn.2d 582, 593 (1983) (emphasis added).

In addition, the court advised Plaintiff that in order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose

REPORT AND RECOMMENDATION - 4

unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. ECF No. 5, pp. 3-5 (*citing* 28 U.S.C. § 2254; *Heck v.Humphrey*, 512 U.S. 477, 486-87 (1994).

In his response to the court's Order to Show Cause, Plaintiff explains that he amended his complaint to "focus an action of a complaining witness making a false complaint," and not a "complaint of malicious prosecution." ECF No. 13. Plaintiff concludes that, therefore, "the issue of the charges being dismissed is no longer part of the amended complaint." *Id.*, pp. 1-2. He clarifies that he is only seeking damages "from a complaining witness that made false statements under oath and penalty of perjury which violated [his] Fourth Amendment right under the United States Constitution." *Id.*, p. 2.[1]

Plaintiff's attempt to "focus" his complaint is to no avail. Even if his allegations are limited to the false testimony of a "complaining witness," such a claim would "necessarily imply the invalidity" of his criminal trial and continuing incarceration. *Heck*, 512 U.S. at 487. In other words, if Plaintiff could show that the prosecuting attorney made false statements in the probable cause affidavit, this would "necessarily imply the invalidity" of his conviction. *Id.* In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486 (emphasis added); see also *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir.2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which

---

[1] Mr. Smith explains that he submitted a second version of his proposed amendment after he noticed that he had been ordered to present his complaint on the court's form. ECF No. 13, p. 2.

REPORT AND RECOMMENDATION - 5

show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); see also *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir.1997).

Plaintiff alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a Kitsap County criminal case and because he has not, and apparently cannot currently show his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot yet be maintained, *see Heck*, 512 U.S. at 489-90, and this action must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.1997).

**CONCLUSION**

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 6

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 24, 2010**, as noted in the caption.

      DATED this  6th  day of December, 2010.

                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 7